HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CHARLES SHAKEEN SMITH,

    Plaintiff,

    v.

BENJAMIN L. KELLY, et al.,

    Defendants.

CASE NO. C11-623RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of the Honorable James P. Donohue, United States Magistrate Judge. Defendant Benjamin Kelly, an officer in the Seattle Police Department, objects to the R&R. Dkt. # 36. For the reasons stated below, the court ADOPTS the R&R, DENIES Officer Kelly's objection, and directs the clerk to re-refer this action to Judge Donohue.

## II. BACKGROUND

Jaywalking is not a crime, at least not in Washington. But in January 2009, Officer Kelly arrested Plaintiff Charles Shakeen Smith for jaywalking. Officer Kelly insists that the Fourth Amendment did not prohibit the arrest, a contention that the court now examines in detail.

There is no question that just before the arrest, Officer Kelly watched Mr. Smith jaywalk across Rainier Avenue in Seattle. There is also no question, at least for purposes of this order, that Officer Kelly lacked probable cause to believe (or even a reasonable

ORDER – 1

suspicion) that Mr. Smith had engaged in any other unlawful conduct. Officer Kelly nonetheless arrested Mr. Smith and searched him incident to the arrest. He found a concealed firearm.

This case marks this arrest's second trip through the federal courts. The United States indicted Mr. Smith on felon-in-possession-of-a-firearm charges. 18 U.S.C. § 922(g)(1). The Honorable John C. Coughenour presided over the criminal case. In a written order, he granted Mr. Smith's motion to suppress the weapon. No. CR09-161JCC (Dkt. # 36) (Aug. 20, 2009). Judge Coughenour found that Officer Kelly had probable cause to believe that Mr. Smith had jaywalked in violation of the Seattle Municipal Code ("SMC"). In Judge Coughenour's view, although the jaywalking violation entitled Officer Kelly to issue a citation, it did not entitle him to arrest Mr. Smith. Judge Coughenour also rejected Officer Kelly's attempt to point to criminal statutes for which he had probable cause to arrest Mr. Smith. Without authority to arrest, Officer Kelly had no authority to conduct a search incident to arrest. Judge Coughenour further concluded that Officer Kelly had no reasonable suspicion that Mr. Smith was armed, and thus no basis to conduct even the limited pat-down search that *Terry v. Ohio*, 392 U.S. 1 (1968), authorizes. Judge Coughenour suppressed evidence of the weapon. The United States then voluntarily dismissed the indictment.

Now Mr. Smith returns to court, this time as a plaintiff pressing a civil claim via 42 U.S.C. § 1983 that the arrest and search violated his Fourth Amendment rights.[1] At least for purposes of his objection to the R&R, Officer Kelly does not contest that the factual circumstances surrounding the arrest were as Judge Coughenour described them. He asserts, however, that the Fourth Amendment permitted him to arrest Mr. Smith for

---

[1] Mr. Smith raised other constitutional challenges, targeting not only Officer Kelly, but the King County Sheriff and unnamed officers. After King County moved for summary judgment and Officer Kelly filed a Rule 12(b)(6) motion to dismiss, Judge Donohue recommended that the court dismiss all claims except claims against Officer Kelly based on the arrest and search. The court wholly concurs with the R&R as to Mr. Smith's other claims. The court's order today addresses only Officer Kelly's objection to the R&R as to the arrest and search claims.

ORDER – 2

jaywalking.  Alternatively, he contends that he is entitled to qualified immunity because no clearly established law barred the arrest.

## III.  ANALYSIS

The court begins its analysis with the SMC, which outlaws an assortment of pedestrian conduct, including jaywalking.  SMC Ch. 11.40.  Mr. Smith violated SMC § 11.40.100, which prohibits "cross[ing] the roadway between adjacent intersections at which traffic-control signals are in operation, except in a marked crosswalk."  These restrictions are part of SMC's Title 11, which is entitled "Vehicles and Traffic."  With exceptions not applicable here, no violation of the Vehicles and Traffic code is criminal:

> Except as otherwise provided in Section 11.34.020 or elsewhere in this title, failure to perform any act required or the performance of any act prohibited by this title is designated as a traffic infraction and may not be classified as a criminal offense.

SMC § 11.31.010.  No other provision of the Vehicles and Traffic code makes jaywalking a crime.  The SMC's designation of jaywalking as a noncriminal offense mirrors Washington's traffic code.  *See* RCW § 46.61.240(4) (mirroring SMC § 11.40.100); RCW § 46.63.020 (declaring that violations of RCW Title 46 "may not be classified as a criminal offense" except as otherwise provided).

Officer Kelly relies on *Virginia v. Moore*, 553 U.S. 164 (2008), for the proposition that even though he arrested Mr. Smith for a non-crime, he did not violate the Fourth Amendment.  In *Moore*, the Court considered Virginia law that made driving with a suspended license a misdemeanor, but prohibited arrest.  *Id.* at 167.  Virginia police officers nonetheless arrested the defendant for driving with a suspended license, finding cocaine when they searched him incident to the arrest.  *Id.*  The Court held that even if the arrest violated Virginia law, it did not violate the Fourth Amendment.  Finding no conclusive treatment of the issue in the history leading to the Fourth Amendment's enactment, the Court pointed to a "long line of cases" in which it had held that "when an officer has probable cause to believe a person committed even a minor crime in his

ORDER – 3

presence . . . [an] arrest is constitutionally reasonable." *Id.* at 171. It held that Virginia's decision to protect privacy more stringently did not mean that the Fourth Amendment applied more stringently. *Id.*

On its face, *Moore* provides Officer Kelly with no authority for his arrest of Mr. Smith. The *Moore* Court held that the Fourth Amendment does not prohibit the arrest of someone suspected of a "minor *crime*," even if state law prohibits arrest. *Id.* at 171 (emphasis added). The *Moore* Court said nothing about police authority to arrest someone for conduct that is not a crime[2] at all.

Officer Kelly incorrectly contends that the Ninth Circuit has applied *Moore* to permit arrests for non-crimes. In *Edgerly v. City & County of San Francisco*, 599 F.3d 946 (9th Cir. 2010), a panel upheld the arrest of a person suspected of trespassing, even though California law did not permit the arrest. California made a person's first two violations of the trespassing statute in question an "infraction," but made subsequent offenses misdemeanors. Cal. Penal Code § 602.8(b). Officer Kelly ignores that infractions are crimes (or at least "public offenses") in California. Cal. Penal Code § 16 ("Crimes and public offenses include . . . [i]nfractions."); *see also People v. McKay*, 41 P.3d 59, 69 n.16 (Cal. 2002) ("In California, . . . traffic infractions have not been decriminalized."). In Washington, by contrast, most traffic infractions (including Mr. Smith's) "may not be classified as [] criminal offense[s]." RCW § 46.63.020; SMC § 11.31.010.[3]

---

[2] The court uses the word "crime" to encompass crimes, misdemeanors, and any other violations of law to which criminal consequences may attach. This is consistent with *Moore*, where the "minor crime" at issue was a misdemeanor. 553 U.S. at 167, 171.

[3] Other appellate courts who have extended *Moore* to infractions do so in states where infractions are crimes. For example, in *United States v. Burtton*, 599 F.3d 823, 828 (8th Cir. 2010), the court considered an arrest for violating a Nebraska law that made possession of an open container of alcohol an infraction. The court followed *Moore*, because Nebraska, like Virginia, had made infractions "nonarrestable" criminal offenses. *Id.* at 830. Infractions are criminal acts in Nebraska. *State v. Knoles*, 256 N.W.2d 873, 875 (Neb. 1977); *see also United States v. Perdoma*, 621 F.3d 745, 749 (8th Cir. 2010) (finding no violation of Fourth Amendment arising from arrest for marijuana possession infraction in violation of Nebraska law).

ORDER – 4

So far as the court is aware, the sole court to consider the application of *Moore* to noncriminal conduct has held that a police officer violates the Fourth Amendment when he arrests someone for a noncriminal act. In *Bostic v. Rodriguez*, the court addressed North Carolina law that made failure to wear a seatbelt a "a noncriminal violation of law." 667 F. Supp. 2d 59, 608 n.6 (E.D.N.C. 2009) (quoting N.C. Gen. Stat. § 14-3.1). As in this case, a police officer argued that *Moore* meant that "probable cause to cite [plaintiff] for the seat belt violation" gave him "power to arrest." *Id.* The *Bostic* court rejected the argument. *Id.* ("The court does not read . . . *Moore* to undermine the more basic principle that an officer cannot arrest an individual when the officer lacks probable cause to believe that a crime has occurred and that state law determines whether a particular act constitutes a crime.").

The additional authority on which Officer Kelly relies serves only to highlight his error in arresting Mr. Smith. He cites *Whren v. United States*, 517 U.S. 806, 810 (1996), in which the Court considered the constitutionality of an investigative stop of a car that police observed violating traffic laws. Once the officers stopped the car, they approached the driver's window and "immediately observed two large plastic bags of what appeared to be crack cocaine" in the defendant's hands. *Id.* at 809. Officer Kelly ignores that the officers in *Whren* did not discover evidence after arresting the defendant and searching him incident to the arrest, they discovered evidence in plain view after they lawfully detained him for a traffic infraction. No one disputes that Officer Kelly had the right to detain Mr. Smith to issue him a jaywalking citation. Indeed, that has been the law in the Ninth Circuit since at least 1973. *United States v. Luckett*, 484 F.2d 89, 91 (9th Cir. 1973) (noting that the Fourth Amendment "permits a police officer to detain an individual stopped for jaywalking only [for] the time necessary to obtain satisfactory identification from the violator and to execute a traffic citation"). And, if Officer Kelly had, while detaining Mr. Smith to cite him, observed something that gave him probable

ORDER – 5

cause to believe he had committed a crime, or gave him a reasonable suspicion justifying a pat-down search, this would be a different case. Instead, Officer Kelly arrested Mr. Smith, discovering the gun only in a search incident to the arrest. *␣Whren* gave him neither authority to arrest nor authority to search.

Officer Kelly finds no more support for his position in *United States v. Choudhry*, 461 F.3d 1097 (9th Cir. 2006). In *Choudhry*, police officers approached a car after observing it parked in violation of San Francisco's municipal code. *Id.* at 1099 & n.1. After questioning the occupants of the car, they discovered that the driver had two outstanding arrest warrants and smelled marijuana in the vicinity of the passenger. *Id.* at 1099. The police found marijuana in the passenger's pocket after a pat-down search, and found a gun under the passenger's seat after arresting both occupants. *Id.* Applying *Moore*, the *Choudhry* panel rejected the notion that California's decision to make parking violations wholly civil infractions limited the police officer's right to detain violators. *Id.* at 1101, 1103. *Choudhry* stands for the proposition that police can briefly detain people they suspect of violating civil laws that permit them to issue citations, and that they may act accordingly if they lawfully uncover evidence of criminal activity during that brief detention. It provides no support for the notion that police can arrest or search people merely because they have violated a noncriminal statute.

Officer Kelly attempts to connect *Moore* to *Whren* and *Choudhry* by reasoning that if the Fourth Amendment permits a brief detention to cite someone for a civil offense, the fact that the offense is not a state crime cannot, consistent with *Moore*, give rise to a Fourth Amendment ban on arrest. In *Moore*, there was no question that police could, at a minimum, detain the defendant to issue him a citation for driving with a suspended license. The only apparent bar to arresting him was that Virginia law prohibited the arrest. Likewise, there is no question that Officer Kelly could have detained Mr. Smith to issue him a jaywalking citation. The only bar to arresting him was

ORDER – 6

that jaywalking is not a crime in Washington. Officer Kelly reasons that if a state-law bar on arrest does not alter the Fourth Amendment calculus, a state-law distinction between crime and non-crime should not modify that calculus either. There are at least two reasons that Officer Kelly's reasoning does not convince the court.

First, although *Moore* found that state distinctions between arrestable and nonarrestable crimes did not affect the constitutionality of an arrest, this court cannot say the same of state distinctions between criminal and noncriminal conduct. The *Moore* Court thought that incorporating state law demarcations between arrestable and nonarrestable crimes into the Fourth Amendment would produce a "vague and unpredictable . . . constitutional standard." 553 U.S. at 175. But the Fourth Amendment has always incorporated state law distinctions between what is criminal and what is not. If, for example, Washington's legislature were to pass an uncommonly silly law criminalizing walking and chewing gum at the same time a crime, the Fourth Amendment would permit the arrest of walking gum-chewers in Seattle, but not in Portland.

Second, the Court has long distinguished between arrests and less intrusive seizures despite concerns that the resulting Fourth Amendment standards are vague or unpredictable. In *Terry*, for example, the Court authorized a brief detention and a pat-down search for weapons based on "specific and articulable facts" that warrant the reasonable suspicion that a person is armed. 392 U.S. at 21. Since then, the Court has distinguished the myriad conditions that permit the brief detentions of *Terry* from the myriad conditions that permit an arrest. *E.g.*, *Pennsylvania v. Mimms*, 434 U.S. 106, 110-11 (1977) (holding that police may order occupants of a car to get out after stopping car for a traffic violation); *Dunaway v. New York*, 442 U.S. 200, 212-13 (1979) (holding that a detention "indistinguishable from a traditional arrest" was unconstitutional where police had only the authority to conduct a *Terry* stop); *Berkemer v. McCarty*, 468 U.S.

ORDER – 7

420, 439 (1984) ("[T]he usual traffic stop is more analogous to a so-called '*Terry* stop,' . . . than to a formal arrest.").

Courts have applied the balancing underlying *Terry* to address the constitutional scope of detention when police issue citations. It seems only logical that where a law permits a police officer to issue a citation, the Fourth Amendment permits a brief detention for the purpose of issuing the citation. The law confirms this logic, as *Luckett*, *Choudhry*, *Mimms* and a host of other cases illustrate. The Supreme Court has not, so far as the court is aware, held that an officer with probable cause to issue a citation, but without probable cause to arrest for a crime, may nonetheless make an arrest. It has not reached the opposite conclusion either. *See Berkemer*, 468 U.S. at 439 n.29 ("We of course do not suggest that a traffic stop supported by probable cause may not exceed the bounds set by the Fourth Amendment on the scope of a *Terry* stop.").[4] But in the Ninth Circuit, "when an officer has obtained sufficient information to issue a citation, a continued detention without probable cause to arrest for a crime is unreasonable." *Pierce v. Multnomah County*, 76 F.3d 1032, 1038 (9th Cir. 1996).

Although Officer Kelly had authority to detain Mr. Smith to issue him a jaywalking citation, both *Pierce* and *Luckett* dictate that he violated the Fourth Amendment when he arrested Mr. Smith. *Moore* does not undermine *Pierce* or *Luckett* because it does not decouple the Fourth Amendment from state law defining what is and

---

[4] The Supreme Court has held that an officer may not conduct a "search incident to citation" even where the officer had authority to make an arrest. *Knowles v. Iowa*, 525 U.S. 113, 118 (1998). In *Knowles*, the Court considered Iowa law that permitted police to either issue citations to vehicle code violators or arrest them. *Id.* at 115, The police officer in *Knowles* cited a driver for speeding, then conducted a full search of his car. *Id*. at 114. The Court refused to extend the search-incident-to-arrest doctrine to circumstances in which an officer could have arrested a suspect, but chose instead to issue a citation. Among other things, the Court found that the "threat to officer safety from issuing a traffic citation . . . is a good deal less than in the case of a custodial arrest." *Id*. at 117. The court also observed that once an officer has decided to issue a citation, he has no need to search for additional evidence. *Id*. at 118 ("Once [the suspect] was stopped for speeding and issued a citation, all the evidence necessary to prosecute that offense had been obtained.").

ORDER – 8

is not a crime. The Fourth Amendment did not permit Officer Kelly to make an arrest, and it thus did not permit him to conduct a search incident to arrest.

Finally, the court rejects Officer Kelly's plea for qualified immunity. Qualified immunity shields a police officer whose conduct does not violate "clearly established" law. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In the court's view, a reasonable officer in Officer Kelly's position would have known that the Fourth Amendment barred him from arresting Mr. Smith for jaywalking. Washington decriminalized traffic violations in 1979. *See City of Seattle v. Wilson*, 213 P.3d 636, 629 (Wash. Ct. App. 2009). Officer Kelly cannot argue that a reasonable officer in his position would have thought Mr. Smith had committed a crime. Similarly, in light of *Luckett* and *Pierce*, he could not have reasonably believed he could arrest Mr. Smith for the non-crime of jaywalking. Officer Kelly does not suggest that he could have reasonably believed that the law permitted him to search Mr. Smith after an unlawful arrest. Qualified immunity is not available to Officer Kelly, at least on these facts.

## IV. CONCLUSION

For the reasons stated above, the court adopts the R&R and DENIES Officer Kelly's objection. Dkt. # 36. The court dismisses all claims in this case except Mr. Smith's claim based on Officer Kelly's wrongful arrest and subsequent search. The court directs the clerk to TERMINATE all Defendants except Officer Kelly. In accordance with this District's general order referring certain § 1983 cases to magistrate judges, the court directs the clerk to re-refer this case to Judge Donohue for pretrial proceedings.

DATED this 8th day of May, 2012.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 9