UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES SHATEEK SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BENJAMIN KELLY,<br><br>　　　　　Defendant. | NO.  C11-623-RAJ-JPD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REVISED PRETRIAL SCHEDULING ORDER |

## I.　INTRODUCTION

Plaintiff Charles Shateek Smith, a prisoner who is represented by recently appointed pro bono counsel, is proceeding *in forma pauperis* in this 42 U.S.C. § 1983 lawsuit against defendant Benjamin Kelly, a Seattle Police Department Officer.  Dkt. 22.  This matter comes before the Court on plaintiff's motion for a revised pretrial scheduling order to allow additional time for discovery and submission of dispositive motions.  Dkt. 57.  Defendant Kelly has filed a brief in opposition, Dkt. 59, to which the plaintiff has replied, Dkt. 61.  Based upon the parties' briefs, the governing law, and the balance of the record, the Court GRANTS plaintiff's motion, Dkt. 57.

## II.　BACKGROUND

Shortly after this case was initiated, over one and a half years ago, plaintiff moved for appointment of pro bono counsel to represent him throughout this action.  Dkt. 13.  This

ORDER - 1

motion was denied by the Court on June 15, 2011, because plaintiff had not yet shown that exceptional circumstances warranted the appointment of counsel. Dkt. 14. Specifically, the Court found that "[a]t this early stage of the proceedings, plaintiff has not demonstrated that his claim is likely to succeed on the merits. Additionally, plaintiff fails to show that the issues in this case are unusually complex such that plaintiff cannot reasonably be expected to articulate his claims on a *pro se* basis." *Id.* at 2. After four extensions of time and several attempts at amending his complaint, plaintiff filed the operative complaint in this case on November 10, 2011, which the Court directed to be served on the defendants. Dkt. 22; Dkt. 23.

On January 11, 2012, defendant Kelly filed a motion to dismiss, Dkt. 28, and defendant King County filed a motion for summary judgment, Dkt. 31. On February 21, 2012, the undersigned issued a Report and Recommendation ("R&R") granting defendant King County's motion for summary judgment, and granting in part and denying in part defendant Kelly's motion to dismiss. Dkt. 35.

On May 8, 2011, the Honorable Richard A. Jones adopted the R&R, thereby dismissing all the defendants and claims in this action with the exception of plaintiff's claim against defendant Kelly for wrongful arrest and subsequent search. Dkt. 37. Judge Jones then re-referred this matter to the undersigned for pretrial proceedings. *Id*. A pretrial scheduling order was entered on May 9, 2012, which provided that all discovery must be completed by August 10, 2012, and any dispositive motions must be served and filed by September 7, 2012. Dkt. 38 at 1.

On July 20, 2012, plaintiff filed a second motion requesting appointment of pro bono counsel to represent him in this case. Dkt. 40. Defendant Kelly responded that he "takes no position" regarding plaintiff's request. Dkt. 41. On August 9, 2012, the Court granted plaintiff's motion, and directed the Clerk to identify counsel from the Pro Bono Panel to represent plaintiff in this case due to the complexity of the case. Dkt. 42. While the process of

1  identifying pro bono counsel was still underway, defendant filed a motion for summary
2  judgment on August 27, 2012. Dkt. 47.
3        The Court entered an Order of Appointment on August 30, 2012, and pro bono counsel
4  filed their notices of appearance on September 7, 2012, and September 11, 2012. Dkts. 51-55.
5  The parties thereafter agreed to re-note defendant's summary judgment motion for January 11,
6  2013, to give "plaintiff's newly appointed pro bono counsel . . . additional time to confer with
7  his client and respond to the motion[.]" Dkt. 56. However, defendant declined to stipulate to
8  any extension of the discovery and related trial deadlines beyond that necessary to respond to
9  the defendant's pending motion for summary judgment. *See* Dkt. 58 at 2 (Abell Decl.); Dkt.
10 60 at 2 (Morehead Decl.).
11       On October 10, 2012, plaintiff filed the instant motion seeking a revised pretrial
12 scheduling order setting a discovery deadline of February 8, 2013, and a dispositive motion
13 deadline of March 8, 2013. Dkt. 57. Defendant responds that because plaintiff was not
14 diligent in attempting to meet the deadlines previously set by the Court, plaintiff's motion
15 should be denied pursuant to Fed. R. Civ. P. 16(b)(4). Dkt. 59.

16                       III.    DISCUSSION
17     A.    <u>The Parties' Contentions</u>
18       As mentioned above, plaintiff contends that the scheduling order should be revised
19 because pro bono counsel was appointed after the current discovery deadline of August 10,
20 2012, and had not yet appeared in the case when the September 7, 2012 deadline for
21 dispositive motions passed. Dkt. 57 at 1-2. Because the late appointment of pro bono counsel
22 prevented plaintiff from meeting these deadlines, despite his diligence in requesting
23 appointment of counsel to assist him with his case, plaintiff asserts that he has met the "good
24 cause" requirement of Fed. R. of Civ. P. 16(b)(4) for modifying the scheduling order. *Id.* at 2.
25 As a policy matter, plaintiff points out that the appointment of pro bono counsel at this stage of
26 the litigation "is of little avail" unless pro bono counsel is also able to "engage in the activities

necessary to effectively pursue the claim," including an opportunity to engage in discovery and file dispositive motions on plaintiff's behalf. *Id*. at 3. Moreover, "counsel for Plaintiff have been extremely limited in their ability to speak with Mr. Smith by telephone due to the rules and regulations governing the facility where Mr. Smith is incarcerated," although plaintiff has confirmed his desire to engage in discovery and file dispositive motions in this case. *Id*. at 3-4.

Defendant Kelly responds that because plaintiff failed to diligently engage in discovery or attempt to file a dispositive motion when he was still proceeding *pro se*, he is not entitled to additional time simply because pro bono counsel has been appointed to represent him now. Dkt. 59 at 1-2. Defendant argues that plaintiff's diligence in another area –moving for appointment of counsel– is no substitute for diligence in attempting to meet the initial scheduling deadlines, and courts in this circuit have generally held *pro se* parties to scheduling deadlines. *See id*. at 3-4. Thus, defendant contends that plaintiff has not established "good cause" for the extension of the pretrial scheduling deadlines pursuant to the federal rules. Defendant further contends that appointed counsel seeks to engage in broad discovery, and "counsel's argument that he cannot effectively litigate on plaintiff's behalf absent a discovery continuance is undermined by the fact that plaintiff has not identified what discovery he needs to prosecute this action." *Id*. at 5. Finally, defendant argues that even if the Court does not deny plaintiff's motion outright, "the Court should deny the motion for now and revisit the issue if any claims survive defendant's pending motion for summary judgment and if plaintiff can show good cause at that time." *Id*. at 6.

Plaintiff replies that contrary to the defendant's arguments, plaintiff has demonstrated due diligence in attempting to comply with the Court's deadlines. Specifically, plaintiff asserts that he has been an active litigant in this case, hampered only by the difficulties of the legal issues presented, the fact that he is incarcerated, and his *pro se* status. For example, plaintiff has "communicated to the Court at least eight times moving for appointment of counsel, requesting assistance in prosecuting the case, or requesting extensions to comply with Court

ORDER - 4

1   orders." Dkt. 61 at 3.  Plaintiff also points out that he made an effort, although untimely and
2   unsuccessful, to conduct discovery by filing four pages of handwritten interrogatories on
3   August 13, 2012.  *See* Dkt. 62 at 1-2 (Abell Decl.); Dkt. 62, Ex. A-B.  Finally, plaintiff asserts
4   that the defendant incorrect implies that he must affirmatively identify any future discovery
5   being requested and the grounds for any forthcoming dispositive motion, which is not
6   necessary to seek a modification of the pretrial scheduling order under Fed. R. Civ. P. 16(b)(4).
7   Dkt. 61 at 5.

8         B.      <u>Plaintiff has Satisfied the Requirements of Fed. R. Civ. P. 16(b)(4)</u>

9         A pretrial scheduling order may only be modified for good cause and with the judge's
10  consent.  *See* Fed. R. of Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the
11  diligence of the party seeking the amendment.  The district court may modify the pretrial
12  schedule if it cannot reasonably be met despite the diligence of the party seeking the
13  extension." *Johnson v. Mammoth Recreations*, *Inc*., 975 F.2d 604, 609 (9th Cir. 1992).  If the
14  moving party was not diligent, then the inquiry should end.  *Id.*

15        Contrary to defendant's arguments, the Court finds that plaintiff's conduct in this case
16  has reflected sufficient diligence to meet the "good cause" requirement of Rule 16(b)(4),
17  especially in light of plaintiff's status as a *pro se* prisoner for the majority of this lawsuit.
18  Specifically, plaintiff has consistently reflected a desire to obtain assistance from legal counsel
19  to help him articulate his claims.  For example, after the Court declined to serve plaintiff's first
20  two complaints due to his failure to adequately describe how each defendant violated his
21  constitutional rights, plaintiff promptly filed his first motion requesting assistance of counsel.
22  Although the Court declined to find such appointment warranted at that early stage of the case,
23  plaintiff's conduct reflected his diligent efforts to comply with this Court's directives.  Plaintiff
24  then sought multiple extensions of time to enable him to file an amended complaint that was
25  legally sufficient to be served on the defendants.  When plaintiff's claims against defendant
26  Kelly survived the motion to dismiss, plaintiff promptly moved again for appointment of

1  counsel to assist him with the remainder of his lawsuit.  Finally, and perhaps most
2  significantly, pro bono counsel has produced some evidence suggesting that plaintiff did
3  attempt to engage in discovery before the initial deadline set by the Court.  *See* Dkt. 61 at 1-2
4  (Abell Decl.); Dkt. 61, Ex. A-B.  Thus, it appears that despite his challenges as a *pro se*
5  prisoner, plaintiff's conduct to date reflects the requisite diligence to warrant modification of
6  the pretrial scheduling order in order to enable appointed counsel to effectively advocate on his
7  behalf.

8        The Court also rejects defendant's argument that the plaintiff must affirmatively
9  identify any future discovery being requested, as well as the grounds for any forthcoming
10 dispositive motion, before an extension of time can be granted.  As discussed above, Fed. R.
11 Civ. P. 16(b)(4) requires only good cause, meaning the diligence of the party seeking the
12 amendment of the pretrial scheduling order, and the judge's consent.  As discussed above,
13 plaintiff has already established "good cause" for his request.

14       Finally, the Court notes that pro bono counsel's appointment was not limited to helping
15 plaintiff respond to defendant's pending motion for summary judgment.  The Court granted
16 plaintiff's motion for appointment of counsel on August 9, 2012, before the discovery and
17 dispositive motion deadlines had passed.  It would therefore be unjust, and inconsistent with
18 the policies underlying this district's Pro Bono Plan, to penalize plaintiff for the Court's delay
19 in locating pro bono counsel willing and able to represent the plaintiff for the duration of this
20 case.  The undersigned therefore declines to adopt such an approach in this case.

21       IV.   CONCLUSION

22       Accordingly, the Court ORDERS that plaintiff's motion for revised pretrial scheduling,
23 Dkt. 57, is GRANTED.  The Court's Pretrial Scheduling Order, Dkt. 38, is also AMENDED as
24 follows: the discovery deadline is extended from August 10, 2012, to **February 8, 2013**, and
25 the dispositive motion deadline is extended from September 7, 2012, to **March 8, 2013**.  No
26 further extensions will be granted absent a showing of good cause.

1  The Clerk of Court is directed to send a copy of this Order to counsel for both parties, and the Honorable Richard A. Jones.

DATED this 24th day of October, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER - 7