UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES SHATEEK SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BENJAMIN KELLY,<br><br>　　　　Defendant. | Case No. C11-623-RAJ-JPD<br><br>ORDER DENYING PLAINTIFF'S MOTION WITHOUT PREJUDICE |

This is a 42 U.S.C. § 1983 action brought by plaintiff Charles Shateek Smith, an inmate at the Washington State Penitentiary in Walla Walla, Washington, against Officer Benjamin Kelly of the Seattle Police Department. Dkt. 22. This matter comes before the Court on the plaintiff's "Motion for a Writ of Habeas Corpus ad Testificandum and/or Motion for Deposition." Dkt. 70. Specifically, plaintiff asks the Court to issue a *writ of habeas corpus ad testificandum* requiring the Washington State Department of Corrections ("DOC") to produce the plaintiff in person at the U.S. District Court for the Western District of Washington "on the date or dates of trial in this matter." Dkt. 70 at 1. Alternatively, if the requested writ is not granted, plaintiff "seeks leave to take the perpetuation video deposition of Plaintiff" at the

ORDER
PAGE - 1

penitentiary while wearing business civil attire and without restraints. *Id.* at 6 (citing Fed. R. of Civ. P. 30(a)(2)(B)).

Defendant responds that plaintiff's motion "is unnecessary and premature." Dkt. 71 at 1. Defendant asserts that "[i]f plaintiff had raised this issue with defendant prior to filing the motion, defendant would have agreed to a stipulated motion on this issue when and if a trial date is set, obviating the need for plaintiff's motion." *Id*. However, defendant argues that "at this point, the motion is premature because the Court has not yet set a trial date in this matter." *Id*. Moreover, defendant "plans to refile his previously stricken motion for summary judgment on all claims, so a trial may not be necessary. Absent a trial date, plaintiff is essentially requesting an advisory opinion from the Court that the [DOC] is required to produce plaintiff if and when a trial is ordered and if plaintiff is still incarcerated at that time." *Id*. at 1-2. With respect to plaintiff's alternative request for an order directing "the DOC to cooperate in plaintiff's perpetuation deposition," defendant contends that this motion also seeks "speculative" relief because "plaintiff has requested [leave to depose plaintiff] only if a trial is ordered but the Court declines to issue a writ directing the DOC to produce him to appear at the trial." *Id*. at 2 fn.1.

Plaintiff replies that it appears "impractical and inappropriate . . . to wait until a trial date is established as the discovery deadline will have already elapsed, rendering any effort to secure a perpetuation deposition under Federal Rule of Civil Procedure 30(a)(2) arguably untimely." Dkt. 73 at 1. Plaintiff reiterates that "it is essential to Mr. Smith's case that he be afforded the opportunity to testify in person. To counsel's knowledge, the only method to ensure Mr. Smith's live testimony is through the requested Writ of Habeas Corpus ad Testificandum." *Id*. at 2. Moreover, if the writ is denied, "it is even more essential that Mr.

ORDER
PAGE - 2

Smith's testimony be taken in a perpetuation deposition, that permission from the Court be secured toward that end under [Fed. R. Civ. P.] 30(a)(2), and that sufficient time be allowed to ensure the deposition transpires." *Id.*

The Court agrees with the defendant that plaintiff's motion asking this Court to issue a *writ of habeas corpus ad testificandum* is premature. 28 U.S.C. § 2241(c)(5), in conjunction with 28 U.S.C. § 1651(a), permits a federal court to issue a *writ of habeas corpus ad testificandum* when necessary.[1] The purpose of this writ is to direct the custodian of a prisoner to produce the prisoner for appearance as a witness in court. 28 U.S.C. § 2241(c)(5) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (5) It is necessary to bring him into court to testify or for trial." Thus, a *writ of habeas corpus ad testificandum*, which is used to transport a prison to a court proceeding, will not issue if there is no proceeding currently before the court in which the prisoner wishes to testify. *See e.g., Russell v. U.S.*, 308 F.2d 78, 79 (9th Cir. 1962).

As a date or time for trial has not been set in this case, the Court DENIES plaintiff's motion for issuance of a *writ of habeas corpus ad testificandum* as PREMATURE.[2] Plaintiff's motion is denied without prejudice to its renewal, as appropriate, at a later stage of these proceedings.

The Court also agrees with the defendant that plaintiff appears to be requesting leave to depose plaintiff at the Washington State Penitentiary "only if a trial is ordered but the Court declines to issue a writ directing the DOC to produce him to appear at the trial." Dkt. 71 at 2

---

[1] 28 U.S.C. § 1651(a) authorizes "the Supreme Court and all courts established by Act of Congress [to] use all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

[2] The Court also declines plaintiff's invitation to set a trial date before ruling on the parties' dispositive motions in this case.

ORDER
PAGE - 3

fn.1. If plaintiff's counsel were simply asking for leave to depose the plaintiff at the Washington State Penitentiary during the discovery period in accordance with Fed. R. Civ. P. 30(a)(2)(B), the Court perceives no reason to deny such a request. Indeed, such a request for leave of Court to depose plaintiff appears unnecessary in light of our district's local rules. *See* LCR 30(a)(2) (providing that "if a party wishes to take the deposition of a person in custody, the party shall attempt to reach agreement with officials of the institution [and] . . . no further order of the court is required."). However, it appears that plaintiff's counsel is only asking for leave to depose plaintiff in the event that his motion for a *writ of habeas corpus ad testificandum* is denied at some future date. Such a request is also premature.

LCR 30(a)(2) provides, in relevant part, that "if a party wishes to take the deposition of a person in custody, the party shall attempt to reach agreement with officials of the institution as to date, time, place, and maximum duration of the deposition. If agreement is reached, the party taking the deposition shall give notice as provided in Fed. R. Civ. P. 30(b), and no further order of the court is required." If, however, an agreement with prison officials "is not reached, the party noting the deposition shall serve a notice, at least 14 days before the proposed deposition, on the deponent, all other parties, the superintendent of the institution, and the attorney for the institution. . . Not later than seven days before the proposed deposition, the attorney for the institution may file, serve and note a motion objecting to the proposed deposition." LCR 30(a)(2). The Court will rule on such a motion at that time. Otherwise, if no such motion is filed, "the deposition may proceed as noted without further order of the court." LCR 30(a)(2).

To date, plaintiff has not provided any evidence that he has complied with the procedures and requirements of LCR 30(a)(2). As a result, plaintiff's alternative motion for

ORDER
PAGE - 4

leave to depose the plaintiff is also DENIED without prejudice. Plaintiff is advised, however, that if this matter proceeds to trial, plaintiff will be provided with an opportunity to testify on his own behalf. Specifically, if the Court grants plaintiff a *writ of habeas corpus ad testificandum* in the future, plaintiff will be able to testify in person at trial. Alternatively, if the writ is not granted, plaintiff's counsel will be permitted to depose plaintiff at the Washington State Penitentiary, notwithstanding the expiration of the discovery cutoff date.

The Clerk is directed to send a copy of this Order to counsel for the plaintiff, counsel for the defendant, and to the Honorable Richard A. Jones.

DATED this 26th day of February, 2013.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge